UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS JOHN FONTANEZ,

    *Petitioner*,

v.

ERIC RARDIN,

    *Respondent*.

_____/

Case No. 2:23-cv-12415

District Judge
Gershwin A. Drain

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING AS MOOT MOTION FOR LEAVE TO FILE EXCESS PAGES (ECF No. 15), AND (3) GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Louis John Fontanez, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 23, 2023. Petitioner challenges the Bureau of Prisons' (BOP) refusal to apply his earned time credits under the First Step Act (FSA) toward early release to pre-release custody. Respondent filed a timely response on January 3, 2024. ECF No. 11. For the reasons stated below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner pleaded guilty in the United States District Court for the Southern District of Iowa to distributing heroin and cocaine base resulting in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to 240 months' imprisonment. ECF No. 11, PageID.114–116.

Petitioner seeks habeas relief, claiming that the BOP has arbitrarily refused to apply his earned time credits toward early supervised release or pre-release custody under the First Step Act. The BOP relies on 18 U.S.C. § 3632(d)(4)(D)(lviii)'s categorical exclusion of persons convicted of distributing controlled substances which lead to death or serious bodily injury from being eligible to receive FSA credits. Petitioner also argues that § 3632(d)(4)(D)(lviii) is unconstitutional.

## II. DISCUSSION

**A. Petitioner's motion for leave to file excess pages is denied as moot.**

Petitioner filed a motion for leave to file a reply brief in excess of the page limit. Rule 2 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, does not contain any page limits for a habeas petition, nor do the Local Rules for the Eastern District of Michigan. Petitioner's motion is denied as moot because it is unnecessary for him to obtain permission from this Court to exceed the page limit for his reply brief. *See Sedlacek v. Rardin*, No. 2:23-CV-11899, 2024 WL 965607, at * 1 (E.D. Mich. Mar. 5, 2024).

### i.         The Court declines to dismiss the petition on exhaustion grounds.

Respondent argues that the petition for writ of habeas corpus is subject to dismissal because Petitioner failed to exhaust his administrative remedies prior to filing his petition. A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 231 (6th Cir. 2006).

Petitioner argues that he has exhausted his administrative remedies. In the alternative, Petitioner argues that it would be futile to exhaust the remedies because 18 U.S.C. § 3632(d)(4)(D) categorically excludes criminal defendants like him who have been convicted for distributing a controlled substance causing death or serious bodily injury from being eligible to receive FSA credits. Because of this exclusion, the BOP will not award FSA credits to Petitioner or any inmate convicted of this offense. Petitioner challenges the constitutionality of the statute, an issue the BOP is admittedly not able to remedy.

A futility exception to the exhaustion requirement exists. *See Fazzini,* 473 F. 3d at 236. Resort to administrative remedies, however, is considered futile only if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Colton v. Ashcroft,* 299 F. Supp. 2d 681, 690 (E.D. Ky.

2004) (internal quotation omitted). When the BOP has predetermined a disputed issue, the exhaustion requirement may be excused. *See McCarthy v. Madigan*, 503 U.S. 140, 148 (1992).

The BOP has denied Petitioner FSA credits based on 18 U.S.C. § 3632(d)(4)(D)(lviii)'s categorical exclusion of persons convicted of distributing controlled substances causing death or serious bodily injury from being eligible to receive FSA credits. The BOP is without the power to address the constitutionality of the statute. Under these circumstances, it would be futile for Petitioner to attempt to exhaust his claim with the BOP. *See Taylor v. United States Treasury Dept.*, 127 F.3d 470, 477 (5th Cir. 1997) (exhaustion not required where claimant raises constitutional claim that agency would clearly reject); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (exhaustion of administrative remedies may be futile where the petitioner "is not challenging the application of the BOP regulations, but their validity"); *Sedlacek v. Rardin*, 2024 WL 965607, at * 2 (federal inmate who challenged the constitutionality of 18 U.S.C. § 3632(d)(4)(D)(xli)'s categorical exclusion of persons convicted of the distribution of child pornography from consideration for FSA credits not required to exhaust administrative remedies). The Court will excuse the failure to exhaust in this case.

4

**B.     Petitioner is not entitled to habeas relief on his claim.**

Petitioner argues that the BOP's refusal to award him FSA credits violates his right to due process and the equal protection of the law. Pursuant to § 3632(d)(4)(D)(lviii):

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> [...]
>
> (lviii) Section 401(a) of the Controlled Substances Act (21 U.S.C. § 841), relating to manufacturing or distributing a controlled substance in the case of a conviction for an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that section for which death or serious bodily injury resulted from the use of such substance.

18 U.S.C. § 3632(d)(4)(D)(lviii). Petitioner was convicted of distributing a controlled substance where serious bodily injury occurred. He is thus ineligible to receive FSA credits. *See Lenze v. Gilley*, No. CV 6:21-115-DCR, 2021 WL 5862561, at *1 (E.D. Ky. Nov. 5, 2021).

Petitioner first claims that he has a liberty interest in receiving earned time credits under the First Step Act once he has completed the various courses and programs that would entitle him to FSA credits had he not been convicted of distributing a controlled substance which caused serious bodily injury. Inmates have no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v.*

*Barrett,* 980 F.2d 1059, 1062 (6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

Courts that have considered the issue "have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act." *Sedlacek v. Rardin*, 2024 WL 965607, at *2. *See also White v. Warden*, No. CV DKC-22-2371, 2023 WL 4867562, at *10 (D. Md. July 31, 2023) (prisoner "did not have a liberty interest in the opportunity to earn" FSA time credits); *Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022) ("the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest"); *Gant v. King*, No. 23-CV-1766 (NEB/ECW), 2023 WL 6910771, at * 3 (D. Minn. Oct. 19, 2023) ("prisoners do not have a protected liberty interest in the application of FSA time credits"); *Mars v. Heisner*, No. CV-22-01933-PHX-SPL (JZB), 2023 WL 4977335, at *7 (D. Ariz. June 26, 2023) (concluding that a prisoner does not "have a constitutional right to 'apply' his FSA [time credits] in a specific manner, such as demanding that he be granted prerelease custody or home confinement"), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023); *Bloom v. Fed. Bureau of Prisons*, No. 19-21589 (KMW) (SAK), 2022 WL 341200, at *2 (D.N.J. Feb. 4,

2022) ("prisoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits").

In *Fiorito*, 2022 WL 16699472, at *6, the court referred to First Step Act time credits as FTCs and noted that they "are not a general entitlement. Instead, federal inmates are merely afforded the *opportunity* to earn FTCs by participating in recidivism-reduction programming." (emphasis original). The court continued:

> The general rule that the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest makes particular sense in the context of FTCs, as the opportunity to participate in recidivism-reduction programming can be lost for several reasons, including reasons having nothing to do with the conduct or blameworthiness of the prisoner. For example, a prisoner who is temporarily transferred from the custody of the BOP to a non-BOP facility to testify at trial, *see* 28 U.S.C. § 2241(c)(5), would be unable to successfully participate in BOP recidivism reduction programming during the time that the prisoner remained outside the custody of the BOP, *see* 28 C.F.R. § 523.41(c)(4)(iii). The same would be true of a prisoner who is transferred to a hospital for extended treatment of a serious medical need. *See id*. § 523.41(c)(4)(ii). The statute and accompanying regulations betray no expectation that FTC credits could reasonably be regarded as an entitlement, rather than as a benefit that a prisoner might or might not be able to earn at various times during his detention. This is too flimsy an expectation to give rise to a protected liberty interest.

*Id.* Other courts have reached the same conclusion. *See White*, 2023 WL 4867562, at *10 (discussing the holding in *Fiorito* and stating that its "analysis is sound"); *Gant*, 2023 WL 6910771, at *3 ("Given the contingent nature of the application of FSA time credits to prerelease custody, they cannot reasonably be regarded as an entitlement.")

7

Based on this line of cases, another judge in this district recently concluded that § 3632(d)(4)(D)(xli)'s exclusion of a habeas petitioner from being able to receive FSA credits because he had been convicted of distributing child pornography did not violate the petitioner's right to due process. *Sedlacek v. Rardin*, 2024 WL 965607, at *3. Petitioner failed to show that the BOP's decision to exclude him from receiving FSA credits violated his right to due process.

Petitioner also claims that 18 U.S.C. § 3632(d)(4)(D)(lviii)'s categorical exclusion of persons convicted of distributing controlled substances which results in death or serious bodily injury from being eligible to receive FSA credits violates his right to equal protection. Petitioner argues that he is being treated differently than similarly situated federal inmates because although 18 U.S.C. § 3632(d)(4)(D)(lviii) categorically excludes defendants who have been convicted under the statute for distributing a controlled substance causing death or bodily injury, it does not exclude from consideration for FSA credits those inmates who were convicted under another federal drug statute but received a sentence enhancement under section 2D1.1(a)(2) of the Federal Sentencing Guidelines because the defendant caused death or serious bodily injury to occur when distributing a controlled substance. Defendants in the latter category are eligible to receive FSA credits. *See Lallave v. Martinez*, 635 F. Supp. 3d 173, 188-90 (E.D.N.Y. 2022).

"Although the Fourteenth Amendment applies on its face only to the states, the Due Process Clause of the Fifth Amendment imposes equal protection constraints on the federal government." *United States v. Green*, 654 F.3d 637, 650–51 (6th Cir. 2011)(citing *Bolling v. Sharpe*, 347 U.S. 497, 498–99 (1954)). A federal court should "evaluate equal protection claims against the federal government under the Fifth Amendment just as [the court] would evaluate equal protection claims against state and local governments under the Fourteenth Amendment." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)(citing *United States v. Angel*, 355 F.3d 462, 471 (6th Cir. 2004)).

To violate the Fourteenth Amendment's Equal Protection Clause, the state must treat two groups of similarly situated people differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). This right demands that "all persons similarly situated should be treated alike." *Id.* In general, classifications based on "race, alienage ... national origin ... [or] gender ... call for a heightened standard of review." *Id.* at 440. Absent one of these suspect classifications, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.*

Prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson v. Jamrog,* 411 F. 3d 615, 619 (6th Cir. 2005); *Hadix v. Johnson,* 230

9

F. 3d 840, 843 (6th Cir. 1998). The rational basis test would therefore apply to evaluate Petitioner's claim that his ineligibility to receive FSA credits violated his right to equal protection. *See United States v. Benjamin*, No. 19-3636-CR, 2023 WL 1097559, at * 3, n. 2 (2d Cir. Jan. 30, 2023).

The Supreme Court has indicated that "courts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends." *Heller v. Doe by Doe,* 509 U.S. 312, 321 (1993). A legislative classification does not fail the rational-basis test simply because it "'is not made with mathematical nicety or because in practice it results in some inequality.'" *Id.* (quoting *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)(quoting *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911)). "The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific." *Heller,* 509 U.S. at 321 (quoting *Metropolis Theatre Co. v. Chicago*, 228 U.S. 61, 69–70 (1913). "Under rational-basis review, a law will survive constitutional scrutiny so long as the existence of a rational connection to its aim 'is at least debatable.'" *Tiwari v. Friedlander,* 26 F.4th 355, 369 (6th Cir. 2022)(quoting *W. & S. Life Ins. Co. v. State Bd. of Equalization of California*, 451 U.S. 648, 674 (1981)).

A federal judge in another district rejected a similar equal protection challenge to 18 U.S.C. § 3632(d)(4)(D)(xli)'s exclusion of inmates who have been convicted of child pornography from eligibility to receive FSA credits:

> Here, there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses. The excluded offenses—including the offense of which the defendant was convicted—are some of the most serious crimes punishable under federal law. *See, e.g.,* 18 U.S.C. § 3632(d)(4)(D)(xi)(relating to chemical weapons), (xx) (relating to threats against the President), (xxiv) (relating to genocide), (xxxii) (relating to terrorist attacks). The exclusion of this and other offenses from earning additional good time credit is, effectively, a legislative judgment to punish these crimes more severely than others. It is axiomatic that "[t]here is ... a rational basis for treating the sentence of different types of crimes differently." *Tyson v. Baldwin*, No. 19cv648, 2020 WL 469663, at * 2 (S.D. Ill. Jan. 29, 2020). In the case of production of child pornography, that legislative judgment could be based on a number of grounds—the particular obscenity of the offense, the need to protect society, and the need to deter future criminal conduct, among others—any one of which could supply the necessary rational basis. Thus, the defendant's equal protection claim fails.

*United States v. Powell*, No. 2:11-CR-205, 2023 WL 5489030, at * 5 (E.D. Va. Aug. 24, 2023). Another federal judge in the Sixth Circuit also ruled that the exclusion of certain offenses from the First Step Act does not violate the Equal Protection Clause. *Martinez-Palacios v. Garza*, No. 4:23-CV-42, 2023 WL 6540947, at * 2, n. 1 (N.D. Ohio Oct. 6, 2023) ("the First Step Act's exclusion of certain offenses from consideration for good-time credit is not a violation of the Equal Protection Clause").

Based on these two cases, another judge in this district concluded that the petitioner's ineligibility to receive FSA credits based on his conviction for

11

distributing child pornography did not violate his right to Equal Protection. *Sedlacek v. Rardin*, 2024 WL 965607, at * 4.

Petitioner's case might arguably be different from these other federal inmates because he argues that he is being treated differently than similarly situated inmates who are eligible for FSA credits, namely, defendants who were not convicted under the statute for delivering controlled substances causing death or serious bodily injury but whose conduct in distributing a controlled substance led to a person dying or suffering a serious bodily injury.

When a defendant's actions violate more than one criminal statute, a prosecutor has the discretion to proceed on the offense with the greater punishment, "as long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442 U.S. 114, 123–25 (1979). Stated differently, the Equal Protection Clause is not violated when a defendant is convicted under the statute that carries the greater penalty. *See id.* at 125. The fact that the prosecutor chose to charge Petitioner under the statute for delivering or manufacturing a controlled substance causing death or serious bodily injury, while federal prosecutors in other cases have chosen to forego prosecuting other defendants under that statute even when that defendant's actions lead to death or serious bodily injury, is an act of prosecutorial discretion that does not violate the Equal Protection Clause in the absence of a showing of invidious discriminatory intent.

Petitioner's equal protection claim fails because he is not similarly situated to defendants who were not prosecuted under the statute for delivering or manufacturing a controlled substance causing death or serious bodily injury, even if they could have been. For example, the Court in *United States v. James*, 424 F. App'x 856 (11th Cir. 2011) found that a defendant who was sentenced to a mandatory minimum of 60 months for possession with intent to distribute 100 or more marijuana plants was not similarly situated to defendants who had done similar acts but were never prosecuted for same offense. *Id.* at 860. Rather, the court found that similarly situated defendants would have been prosecuted for such an offense but not subjected to the mandatory minimum sentence. *Id.* In order for Petitioner to establish an equal protection violation, he would have to show that other federal defendants who had been convicted under the same statute as him were being granted FSA credits. *Id.* ("At a minimum, James needed to compare himself to other defendants convicted under § 841(a) for possessing at least 100 marijuana plants but who were not subjected to § 841(b)(1)(B)(vii)"). Petitioner has made no such showing. Thus, he is not entitled to habeas relief on his claim.

Although it might have been preferable for Congress to exclude from eligibility for FSA credits all federal defendants whose drug crimes lead to a person dying or receiving serious bodily injury, regardless of the statute that the defendant was prosecuted under, "courts are compelled under rational-basis review to accept a

13

legislature's generalizations even when there is an imperfect fit between means and ends." *Heller v. Doe by Doe,* 509 U.S. at 321. Congress's action in excluding defendants convicted of the statute for delivering or manufacturing a controlled substance causing death or serious bodily injury from being eligible for FSA credits, while allowing defendants convicted of other drug offenses to be eligible for FSA credits, does not fail the rational-basis test simply because it "'is not made with mathematical nicety or because in practice it results in some inequality.'" *Id.* For these reasons, Petitioner is not entitled to habeas relief.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.**

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court grants Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED**.

Dated: April 24, 2024                              /s/ Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 24, 2024, by electronic and/or ordinary mail.

/s/Teresa McGovern